# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN WHITE,

        Plaintiff,

   v.

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social Security,

        Defendant.

Civil Action No. 15-1256
DAR

## MEMORANDUM OPINION

Plaintiff John White ("Plaintiff") commenced this action against the Acting Commissioner of Social Security ("Defendant"), pursuant to 42 U.S.C. § 405(g), seeking reversal of an Administrative Law Judge's decision denying Plaintiff's claim for Supplemental Social Income Benefits ("SSI") and Disability Insurance Benefits ("DIB"). *See* Complaint (ECF No. 1) at 2. This matter was referred to the undersigned United States Magistrate Judge for full case management, and the parties jointly consented to proceed before the undersigned in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. *See* ECF Minute Entry 12/04/15; Joint Consent (ECF No. 11). Pending for determination by the court are Plaintiff's Motion for Judgment of Reversal ("Plaintiff's Motion") (ECF No. 17) and Defendant's Motion for Judgment of Affirmance ("Defendant's Motion") (ECF No. 19). Upon consideration of the motions, the memoranda in support thereof and opposition thereto, the administrative record ("AR") (ECF No. 6), the modified

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill, who currently serves as the Acting Commissioner of Social Security for the Social Security Administration, will be substituted for the former Acting Commissioner, Carolyn W. Colvin.

administrative record (ECF No. 14), and the entire record herein, the court will grant Plaintiff's

Motion for Judgment of Reversal, deny Defendant's Motion for Judgment of Affirmance and

remand the matter for further administrative proceedings in accordance with this opinion.


## FACTUAL BACKGROUND

On December 18, 2013 and February 28, 2014, Plaintiff filed claims for Supplemental

Security Income Benefits pursuant to Title XVI of the Social Security Act ("the Act"), alleging

disability beginning on May 15, 2013. Plaintiff's Memorandum (ECF No. 18) at 3; Defendant's

Memorandum (ECF No. 20) at 2. Plaintiff's alleged impairments include: right wrist arthritis,

carpal tunnel syndrome, and bilateral rotator cuff tears. Plaintiff's Memorandum at 3. The Social

Security Administration ("SSA") denied Plaintiff's disability claims initially on April 22, 2014

and upon reconsideration on August 29, 2014. *Id*. Plaintiff requested a hearing before an

Administrative Law Judge ("ALJ") and said hearing was held on February 24, 2015. *Id*. Upon

review, the ALJ denied Plaintiff's claims for disability benefits. Plaintiff's request for review of

the ALJ's decision by the Appeals Council was ultimately denied on July 27, 2015. *Id*. at 4.


## STATUTORY FRAMEWORK

The Social Security Act of 1935 established a framework to provide "disability insurance

benefits" to eligible individuals and "supplemental security income" to individuals who have

attained the age of 65, are blind, or disabled." 42 U.S.C. §§ 423, 1381, 1381a. The Act defines

"disability" for non-blind individuals as "inability to engage in any substantial gainful activity by

reason of any medically determinable physical or mental impairment which can be expected to

result in death or which has lasted or can be expected to last for a continuous period of not less

than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905. A "disabled" individual is eligible for supplemental security income if he or she meets additional statutory requirements concerning income and resources. 42 U.S.C. § 1382(a). The SSA has promulgated regulations, pursuant to the Act, outlining a five-step process for determining disability of adults. *See* 20 C.F.R. §§ 404.1520, 416.920.

First, the agency evaluates whether the claimant is "doing substantial gainful activity." If so, the agency concludes that the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), (b); 416.920(a)(4)(i), (b). Second, if the claimant is not engaging in substantial gainful activity, the agency determines whether the claimant has a "severe medically determinable physical or medical impairment that meets the duration requirement . . . or a combination of impairments that is *severe* and meets the duration requirement . . . ." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Third, if deemed severe, the next question becomes whether the impairment "meets or equals one of the *listings*" in 20 C.F.R. § 404.1525(a) (emphasis added). The "listing" referred to in the statute is composed of a listing of impairments which "describe for each of the major body systems impairments that [the agency] considers to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Id.* Fourth, if the claimant's impairment does not satisfy one of the listings, the agency assesses the claimant's "residual functional capacity" to see whether the claimant is still capable of performing "past relevant work." 20 C.F.R. § 404.1520. If so, the claimant is not disabled. *Id.* Residual functional capacity is "the most [an individual] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545. Fifth, and finally, if the claimant is unable to perform his or her "past relevant work," the agency evaluates the claimant's "residual functional capacity and . . . age, education, and work experience to see if [he or she] can make adjustment to other work." 20 C.F.R. §§

404.1520(a)(4)(v), (g); 416.920(a)(4)(v), (g). If the claimant cannot make such an adjustment, the agency finds that the individual is "disabled." 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

Generally, the SSA "give[s] more weight to opinions from . . . treating sources than to the opinion of a source who had not examined the [claimant]." 20 C.F.R. § 404.1527(c)(1). A treating source's opinion is given "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." *Social Security Ruling* 96-2p, 1996 WL 374188 (July 2, 1996); *accord* 20 C.F.R. § 404.1527. "A treating physician's report is binding on the fact-finder unless contradicted by substantial evidence." *Settles v. Colvin*, 121 F. Supp. 3d 163, 169 (D.D.C. 2015) (citing *Espinosa v. Colvin*, 953 F. Supp. 2d 25, 32 (D.D.C. 2013)). When evaluating the appropriate weight to give to a treating source's opinion that is not entitled to "controlling weight" due to inconsistencies with other evidence in the record, the ALJ shall "apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion" which include: the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the presentation of medical signs and laboratory findings in support a treating physician's medical opinion, consistency of the opinion, the physician's specialization and any other factors which tend to support or contradict the opinion. *See* 20 C.F.R. § 404.1527(c).


**STANDARD OF REVIEW**

A claimant may seek judicial review in a district court of "any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . ." 42 U.S.C. § 405(g). The Commissioner's ultimate determination will not be disturbed "if it is based on

substantial evidence in the record and correctly applies the relevant legal standards." *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004) (citations omitted). In other words, a "district court's review of the [SSA] findings of fact is limited to whether those findings are supported by substantial evidence.'" *Broyles v. Astrue*, 910 F. Supp. 2d 55, 60 (D.D.C. 2012) (citations omitted). Substantial evidence is such relevant evidence as "a reasonable mind might accept as adequate to support a conclusion." *Butler*, 353 F.3d at 999 (internal quotation marks omitted) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The test requires "more than a scintilla, but can be satisfied by something less than a preponderance of evidence." *Id.* (citation omitted) (internal quotation marks omitted).

The United States Court of Appeals for the District of Columbia Circuit has observed that "[s]ubstantial-evidence review is highly deferential to the agency fact-finder," *Rossello ex rel. Rossello v. Astrue*, 529 F.3d 1181, 1185 (D.C. Cir. 2008), and that "a reviewing judge must uphold the ALJ's legal 'determination if it . . . is not tainted by an error of law.'" *Jeffries v. Astrue*, 723 F. Supp. 2d 185, 189 (D.D.C. 2010) (quoting *Smith v. Bowen*, 826 F.2d 1120, 1121 (D.C. Cir. 1987)); *see also Nicholson v. Soc. Sec. Admin.*, 895 F. Supp. 2d 101, 103 (D.D.C. 2012) (noting that the inquiry upon judicial review is whether the ALJ has analyzed all evidence and has sufficiently explained the weight he had given to obviously probative exhibits"); *Guthrie v. Astrue*, 604 F. Supp. 2d 104, 112 (D.D.C. 2009) (noting that the court is "not to review the case 'de novo' or reweigh the evidence). The plaintiff bears the "burden of demonstrating that the Commissioner's decision [was] not based on substantial evidence or that incorrect legal standards were applied." *Muldrow v. Astrue*, No. 11-1385, 2012 WL 2877697, at *6 (D.D.C. July 11, 2012) (citation omitted); *see also Charles v. Astrue*, 854 F. Supp. 2d 22, 27-28 (D.D.C. 2012).

**THE ALJ's DETERMINATION**

After consideration of the administrative record, and upon application of the five-step process outlined in 20 CFR § 404.1520(a) of the Social Security Act, the ALJ determined that Plaintiff was not disabled under the definition provided by the SSA and thus was not eligible to receive disability benefits. AR (ECF No. 14-2) at 24.

At Step One of the analysis, the ALJ found that Plaintiff met the insured status requirements of the Act and opined that Plaintiff had not engaged in "substantial gainful activity" since the alleged onset date of his disability, despite Plaintiff's testimony that he had performed intermittent work as an independent contractor, because no certified earning records existed to corroborate Plaintiff's testimony. *Id.* at 25-26.

At Step Two, the ALJ found that Plaintiff suffered from the following severe impairments: "obesity; right band/wrist degenerative joint disease with triangular fibrocartilage complex tear; tendonitis; crystalpathy; carpal tunnel syndrome; status post arthroscopy and debridement of right wrist and extensor carpi ulnaris tenolysis . . . ; left shoulder tendinitis . . . ; post rotator cuff repair surgery impingement syndrome; and a mental impairment variously diagnosed as adjustment disorder . . . with mixed disturbance of conduct and emotions . . . with additional diagnoses of mood disorder bipolar disorder with psychotic features." *Id.* at 30.

At Step Three, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of any of the relevant listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*[2]

---

[2] Finding no evidence in the record to support a finding that Plaintiff suffered an "injury" to satisfy the requirements of listing 1.08 (soft tissue injury) or that Plaintiff's mental impairments met listings 12.04 or 12.06 (affective disorders and anxiety-related disorders) because Plaintiff's mental impairments did not "markedly" limit Plaintiff's ability to perform activities of daily living or maintain social functioning or concentration, the ALJ determined that Plaintiff's impairments do not meet or equal any relevant statutory listing. *Id.* at 26-28.

Continuing to Step Four, the ALJ determined that Plaintiff had the residual functional capacity to perform light work, as defined by 20 C.F.R. § 404.1567(b) and 416.967(b). [3] Accordingly, the ALJ found that Plaintiff was able to "lift and/or carry twenty pounds occasionally and ten pounds frequently, stand and/or walk for eight hours in an eight-hour workday, and sit for eight hours in an eight-hour workday." *Id*. at 28. [4] Upon consideration of Plaintiff's mental limitations, the ALJ found that Plaintiff was capable of "performing simple, one to four step, routine, repetitive tasks in a work environment where there would only be occasionally contact with coworkers and supervisors, and no contact with the public." *Id*.

At Step Five, based on Plaintiff's RFC, age (50 years old), limited education, and past relevant work experience, the ALJ found that jobs existed in the national economy that Plaintiff could perform, to include: counter clerk, router and inspector. *Id*. at 37-38. Accordingly, the ALJ found Plaintiff was not entitled to benefits under the Social Security Act.

## CONTENTIONS OF THE PARTIES

Plaintiff alleges that the ALJ failed to properly consider the opinions of Plaintiff's treating sources, Drs. Sean Johnson, Faheem Moghal and Andrew Peters, in accordance with the treating physician rule, 20 C.F.R. § 404.1527. Plaintiff's Brief in Support of Motion for Judgment of

---

[3] Pursuant to 20 C.F.R. §§ 404.1567(b) and 416.967(b), "light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."

[4] The ALJ found that Plaintiff was "unable to lift, push, pull, or carry more than ten pounds with the dominant right upper extremity," although "[h]e can occasionally reach overhead with the non-dominant left upper extremity, and occasionally handle and finger with the dominant right upper extremity." *Id*. The ALJ found, however, that Plaintiff's physical limitations precluded him from work activity that involved "exposure to hazards such as unprotected heights[,] operat[ion] of a motor vehicle in a work setting, . . . right wrist movement up and down and side to side, but allows for pronation (palm facing the ground) and supination (rotation of the forearm so the palm faces up). . . ." *Id*.

Reversal ("Plaintiff's Memorandum") (ECF No. 18) at 8. Plaintiff also contends that the ALJ

failed to consider the totality of Plaintiff's limitations when rendering his RFC determination. *Id*

at 17-8.

Defendant, in opposition, contends that the ALJ thoroughly considered the opinions of

Plaintiff's treating sources and provided sufficient reasoning for the weight ascribed to each of

them. Defendant's Memorandum in Opposition to Motion for Judgment of Reversal

("Defendant's Memorandum") (ECF No. 20) at 17-25. Additionally, Defendant asserts that the

ALJ was not required to include in his findings, or in his hypothetical question posed to the

vocational expert, the limitations contained in the treating source opinions which the ALJ found

to be inconsistent with other evidence in the record. *Id*. at 25.

In reply, Plaintiff re-asserts his prior contentions and argues that the Defendant "does not

dispute Plaintiff's allegations of harm" and "[d]oes not dispute [the] ALJ's failure to consider all

required § 404.1527(c) factors[.]" Plaintiff's Reply Brief ("Plaintiff's Reply") (ECF No. 21) at 1-

3. Defendant, in reply to Plaintiff's contentions, re-asserts that the ALJ's determination with

respect to Plaintiff's treating sources and the ALJ's RFC determination were made in accordance

with the applicable regulations. Defendant's Reply to Plaintiff's Opposition to Defendant's

Motion for Judgment of Affirmance ("Defendant's Reply") (ECF No. 22).


**DISCUSSION**

Plaintiff argues that the ALJ failed to consider the medical opinions of Dr. Johnson under

the applicable rule for treating sources provided in 20 C.F.R. § 404.1527(c). More specifically,

Plaintiff argues that the ALJ failed to consider Dr. Johnson's specialization "as a Board Certified

orthopedic surgeon[,]" and failed to consider Dr. Johnson's "longitudinal, consistent treating

relationship with Plaintiff[,]" as required by 20 C.F.R. § 404.1527(c). Plaintiff's Memorandum at 11. Additionally, Plaintiff contends that upon consideration of the weight to be accorded to Dr. Johnson's opinion, the ALJ "picked through [his] opinion, selectively discussing which portions he credited and which portions he did not." *Id.* Last, Plaintiff contends that the ALJ's decision not to accord substantial weight to portions of Dr. Johnson's 2014 and 2015 opinions is unsupported by substantial evidence in the record. *Id.* Upon consideration of Plaintiff's arguments and upon review of the ALJ's decision, the court finds that the ALJ failed to comply with the treating physician rule, as provided in 20 C.F.R. § 404.1527(c).

While the court observes the various explanations provided by the ALJ for the weight accorded to the medical opinions of Drs. Johnson, Moghal and Peters, there is no indication in the record that the ALJ considered their opinions in accordance with the treating physician rule. At no point in the ALJ's decision does he identify Drs. Johnson, Moghal and Peters as treating sources, despite their status as such under the applicable regulation, nor does he reference the regulation itself, which outlines the appropriate analysis which must be undertaken by the ALJ to appropriately consider the opinion of a claimant's treating source.

A treating source is defined as an ". . . acceptable medical source who provides [the claimant] or has provided [the claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." 20 C.F.R. § 404.1527(a)(2). The record reflects an ongoing treatment or evaluation relationship between the Plaintiff and each doctor identified by Plaintiff as a treating source. *See* AR (ECF No. 14-2) at 29-36. This treatment relationship between Plaintiff and his treating psychiatrists, Drs. Moghal and Peters, and treating orthopedist, Dr. Johnson, was sufficient to trigger the ALJ's application of the treating physician rule in this case. Even assuming that the ALJ may have implicitly accurately identified Drs.

Johnson, Moghal and Peters as treating sources, the record is devoid of evidence that the applicable treating physician rule was applied to their opinions, in accordance with 20 C.F.R. § 404.1527(c).

This court, adopting the treating physician rule articulated by the District of Columbia Circuit, requires that "[a] treating physician's report [be] binding on the fact-finder unless contradicted by substantial evidence . . . [and] an ALJ who rejects the opinion of a treating physician [to] explain his reasons for doing so." *Butler*, 353 F.3d at 1003. Once a medical source has been identified as a treating source, the regulations require, at a minimum, that the ALJ make some determination that a reviewing court could consider as indicia that the ALJ considered the opinions of a claimant's treating source in accordance with § 404.1527(c), and any decision not to accord those opinions controlling weight is thoroughly explained and supported by substantial evidence in the record. *See* 20 C.F.R. § 404.1527(c); *see also* SSR 96-2P (S.S.A. July 2, 1996). Upon review of the ALJ's decision, the court finds no such indicia existent in this record.

In the absence of any evidence in the record indicating that the ALJ considered the opinions of Drs. Johnson, Moghal and Peters as treating sources, applied the appropriate analysis as provided by the regulations, and accorded their opinions appropriate weight, the court is unable to discern whether or not the ALJ's finding were made in accordance with applicable law and supported by substantial evidence, without further findings. Therefore, remand is appropriate. *See Ademakinwa v. Astrue*, 696 F. Supp. 2d 107, 111 (D.D.C. 2010) ("[R]emand is appropriate . . . where the court cannot determine the ALJ's rationale . . . without further findings or clearer explanation for the decision.") (internal citation and quotations omitted); *see also AZAR A. JACKSON, JR., Plaintiff, v. CAROLYN W. COLVIN, Defendant.*, No. 16-CV-00010, 2017 WL

1534327, at *7 (D.D.C. Apr. 27, 2017) (remanding to the SSA so that the ALJ may properly apply the treating physician rule).[5]

## CONCLUSION

For the foregoing reasons, the court concludes that the ALJ failed to appropriately consider the medical opinions of Drs. Johnson, Moghal and Peters in accordance with the treating physician rule.

It is therefore, this 23rd day of June, 2017,

**ORDERED** that Plaintiff's Motion for Judgment of Reversal (ECF No. 17) be **GRANTED**; and it is

**FURTHER ORDERED** that Defendant's Motion for Judgment of Affirmance (ECF No. 19) be **DENIED**; and that this matter be remanded, pursuant to 42 U.S.C. § 405(g), for further proceedings in accordance with this Memorandum Opinion.

                                          /s/
                              DEBORAH A. ROBINSON
                              United States Magistrate Judge

---

[5] On remand, the ALJ will have the opportunity to review Plaintiff's additional concerns regarding the inclusion of certain limitations in the ALJ's RFC determination. For that reason, Plaintiff's additional contentions need not be reached by the court at this time.